IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL DIAZ,

      Plaintiff,                         No. CIV S-11-2274 EFB P

     vs.

McCUE, et al.,

      Defendants.              <u>ORDER</u>

_____/

     Plaintiff, a prisoner without counsel, has filed a complaint alleging civil rights violations. *See* 42 U.S.C. §1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

     To proceed with a civil action a plaintiff must pay the $350 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed *in forma pauperis* and submit the affidavit and trust account statement required by 28 U.S.C. § 1915(a). Plaintiff has neither paid the fee nor submitted a proper application for leave to proceed in forma pauperis. Accordingly, the court will order plaintiff to submit either the filing fee or the application required by § 1915(a) within 30 days of the date of this order.

////

With his complaint, plaintiff has filed a motion for a preliminary injunction ordering defendants to provide him with a chrono allowing him to wear his personal soft shoes "at all sites including visiting" for the duration of his incarceration or at least one year. Dckt. No. 2.

In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions – that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another – survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." *Id.* In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Additionally, a preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc*., 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc*., 326 F.2d 141, 143 (9th Cir. 1964).

////

////

In this action, plaintiff alleges that defendants have acted to deprive him of a necessary medical document (a "chrono") that would allow him to wear his personal soft shoes to the visiting area. Dckt. No. 2. According to plaintiff, standard issue institutional shoes cause him to bleed and develop scar tissue due to a medical condition in his Achilles tendon. However, plaintiff's submissions do not make the requisite showing to obtain preliminary injunctive relief. First, plaintiff currently possesses a chrono allowing him to wear his personal soft shoes to the visiting area. *Id.* at 14. While this chrono carries an expiration date of September 17, 2011, plaintiff has been issued a new chrono as of August 10, 2011, which provides, "Personal soft shoe or orthopedic/orthotic shoes may be worn at all times as appropriate for custody purposes." *Id.* at 18. Plaintiff states that the chrono threatens that he will have to pay $500 for orthopedic/orthotic shoes, an amount difficult for him to afford. *Id.* at 2. However, the chrono merely states that plaintiff "will be referred for an orthopedic/orthotic shoe that is appropriate for custody purposes." *Id.* at 21. It does not state that plaintiff will not be able to wear his personal soft shoes to the visiting area in the interim or even after such shoes are prescribed or that plaintiff will be required to bear the cost of the shoes. Because plaintiff's motion and attachments fail to show that plaintiff will suffer any harm, much less irreparable harm, if a preliminary injunction does not issue, and because the lack of apparent harm raises serious doubt as to the merits of the case generally, the court declines to issue the requested injunction. Plaintiff may renew the request should it become apparent that he will be required to wear medically-improper shoes to the visiting area.

Accordingly, it is hereby ORDERED that:

1. Within 30 days of the date of service of this order, plaintiff shall either pay the filing fee or submit the application required by 28 U.S.C. § 1915(a).

2. The Clerk of the Court is directed to mail to plaintiff a form application for leave to proceed in forma pauperis. Failure to comply with this order may result in dismissal.

////

1       3.  Plaintiff's August 26, 2011 motion for a preliminary injunction is denied without
2  prejudice.
3       So ordered.
4  DATED:  September 13, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4