IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL ENRIQUE DIAZ,

       Plaintiff,               No. CIV S-11-2274 EFB P

   vs.

McCUE, et al.,

       Defendants.       <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.**      **Request to Proceed In Forma Pauperis**

       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 7.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.     Screening Order**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it does not state a cognizable claim or comply with Rule 8.  Plaintiff does not identify any claims for relief

in the complaint, nor does he link any defendant to an alleged violation of his federal rights.  The allegations in plaintiff's complaint are so vague and conclusory that the court cannot determine whether the current action is frivolous or fails to state a claim for relief.  Additionally, plaintiff concedes he has not exhausted his administrative remedies.

The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id.* Moreover, the complaint does not includes sufficient factual allegations to state a plausible claim for relief.  It is plaintiff's responsibility to allege facts to state a plausible claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Although plaintiff could possibly cure the defects described above in an amended complaint, plaintiff's concession that he did not exhaust available administrative remedies prior to filing suit requires the court to dismiss this action, without prejudice.  *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (stating that a prisoner's concession to nonexhaustion is a valid ground for dismissal of an action).

////

1    The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide

2    that "[n]o action shall be brought with respect to prison conditions under section 1983 of this

3    title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

4    facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

5    This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001);

6    *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute

7    making exhaustion a precondition to judgment, but it did not.  The actual statue makes

8    exhaustion a precondition to *suit*.").  A prisoner seeking leave to proceed in forma pauperis in an

9    action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C.

10   § 1997e when he submits his complaint to the court.  *Vaden v. Summerhill*, 449 F.3d 1047, 1050

11   (9th Cir. 2006).  Therefore, a prisoner must exhaust available administrative remedies before

12   filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to

13   exhaust.  *Id.* at 1051; *McKinney*, 311 F.3d 1198.  *See also Rhodes v. Robinson*, 621 F.3d 1002, at

14   *6, 13 (9th Cir. 2010) (clarifying that the rule of *Vaden* and *McKinney* does not apply to new

15   claims raised in a supplemental complaint regarding conduct that occurred after the initial

16   complaint was filed).

17   California prisoners may appeal "any policy, decision, action, condition, or omission"

18   that the inmate can demonstrate "as having an adverse effect upon his or her welfare."  Cal. Code

19   Regs. tit. 15, § 3084.1(a).  The grievance process, as defined by California regulations, has three

20   levels of review to address an inmate's claims, subject to certain exceptions.  *See* Cal. Code

21   Regs. tit. 15, § 3084.7.  Administrative remedies generally are exhausted once a plaintiff has

22   received a "Director's Level Decision," or third level review, with respect to his issues or claims.

23   Cal. Code Regs. tit. 15, § 3084.1(b).

24   Here, plaintiff checked the boxes on his form complaint indicating that the administrative

25   exhaustion process is available to him, but that the process has not been completed because of

26   "Imminent Irreperable [sic] Harm."  Dckt. No. 1 (Complaint) § II.  Plaintiff appears to believe

1   that exhaustion is not required if he claims to be threatened with irreparable harm.  As discussed

2   above, however, exhaustion is mandatory.  Moreover, the "exhaustion requirement does not

3   allow a prisoner to file a complaint addressing non-exhausted claims, even if the prisoner

4   exhausts his administrative remedies while his case is pending."  *Rhodes*, 621 F.3d at 1004

5   (citing *McKinney*, 311 F.3d at 1199).

6          Further, it is unlikely that plaintiff properly exhausted his administrative remedies given

7   the proximity of the actions complained of and the filing of his complaint.  In the request for

8   injunctive relief that accompanied his August 26, 2011 complaint, he complains about certain

9   medical chronos he received as recently as July 18, 2011 and August 10, 2011. Dckt. No. 2 at 2.

10         Because plaintiff concedes he did not exhaust his administrative remedies prior to filing

11  suit, coupled with the unlikelihood of proper exhaustion given the timing of the complaint

12  relative to his allegations, this action must be dismissed.[1]  *See Wyatt*, 315 F.3d at 1120.

13         Plaintiff is hereby informed that if he decides to file a new action, he should not include

14  this case number on the new complaint.  In addition, the new complaint should be accompanied

15  by a properly completed, updated application to proceed in forma pauperis.

16  **III.   Conclusion**

17         Accordingly, IT IS HEREBY ORDERED that:

18         1.  Plaintiff's request to proceed in forma pauperis is granted.

19         2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

20  accordance with the notice to the California Department of Corrections filed concurrently

21  herewith.

22  ////

23  ////

24  ////

25

26         [1] Dismissal without prejudice may permit plaintiff to file a new action upon exhaustion
    of the prison grievance process.

1          3.  This action is dismissed for failure to exhaust administrative remedies.

2    Dated:   January 18, 2012.

3

4                                        EDMUND F. BRENNAN
                                         UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26