IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL ENRIQUE DIAZ,

        Plaintiff,                      No. 2:11-cv-2274 EFB P

    vs.

MCCUE, et al.,

        Defendants.            ORDER
_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

       On January 18, 2012, the court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A. The court identified numerous deficiencies in plaintiff's complaint, but dismissed the action because plaintiff had conceded that he had not exhausted his administrative remedies. On February 15, 2013, the Court of Appeals determined that dismissal on this basis was improper because plaintiff's "filings at this early stage of the proceedings do not clearly show that [he] failed to exhaust any available administrative remedies." Dckt. No. 17. Accordingly, the appeals court vacated the undersigned's order and remanded with instructions "to allow

[plaintiff] to amend his complaint to address the substantive issues identified in the district court's order of January 18, 2012." Dckt. No. 17.

In relevant part, the January 18, 2012 Screening Order provided as follows:

> Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).
>
> In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).
>
> Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).
>
> A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
>
> The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it does not state a cognizable claim or comply with Rule 8. Plaintiff does not identify any claims for relief in the complaint, nor does he link any defendant to an alleged violation of his federal rights. The allegations in plaintiff's complaint are so vague and conclusory that the court cannot determine whether the current action is frivolous or fails to state a claim for relief. . . .
>
> The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* Moreover, the complaint does not includes sufficient factual allegations to state a

plausible claim for relief. It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Dckt. No. 8 at 2-3.

Plaintiff is granted leave to file an amended complaint curing the deficiencies identified above. Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. It must also allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk is directed to vacate the judgment and reopen this case; and

2. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order may result in dismissal of this action.

DATED: March 12, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3