IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ENRIQUE DIAZ,

    Plaintiff,

vs.

McCUE, et al.,

    Defendants.

No. 2:11-cv-2274-EFB P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

    Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4). After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended complaint.

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Plaintiff's complaint alleges that the Chief Medical Officer, and defendant Dr. Hshieh failed to renew plaintiff's chrono for soft shoes.[1] Plaintiff claims that as a result, he wore state issued boots which caused his feet to bleed and were painful. He also alleges that defendant

---

[1] Plaintiff also names McCue as a defendant. It is not clear whether plaintiff means to refer to McCue when he refers to the "Chief Medical Officer." In any amended complaint, plaintiff must clearly identify the defendants in both the caption of the complaint, and through the factual allegations.

Austin issued a blanket policy that prevented inmates with disabilities from having reasonable accommodations. He claims that his rights under the Eighth Amendment and the Americans with Disabilities Act ("ADA") were violated. Plaintiff does not allege why he is disabled, why he needs soft shoes, or why any defendant chose not to renew his request for soft shoes. It is also not clear how or why Austin's "blanket policy" was put into place or how it was applied, if at all, to deny plaintiff soft shoes. In addition, plaintiff does not specify what relief he seeks, if any, through this civil rights action.[2] Plaintiff's allegations are thus, too vague and conclusory to state a cognizable claim for relief. Plaintiff's complaint is therefore dismissed with leave to amend.

To state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not

/////

/////

---

[2] Federal Rule of Civil Procedure 8(a)(3) requires that a plaintiff make a demand for the relief sought.

3

support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

Moreover, it is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004). An ADA plaintiff also "bears the burden of establishing the elements of the prima facie case, including--if needed--the existence of a reasonable accommodation that would enable him to participate in the program, service, or activity at issue." *Pierce v. County of Orange*, 526 F.3d 1190, 1217 (9th Cir. 2008) (internal quotation marks omitted). A plaintiff may seek injunctive relief for an ADA claim against state officials in their official capacities, but not in their individual capacities. *See Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003). And damages are only available under Title II of the ADA where a plaintiff proves the defendant acted with deliberate indifference. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).

To the extent plaintiff can allege specific facts supporting an Eighth Amendment deliberate indifference or ADA claim, plaintiff should be granted leave to amend to do so. *See Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc) (Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal). Should plaintiff choose to file an amended complaint, the

1 amended complaint shall clearly set forth the claims and allegations against each defendant. It
2 must also allege a cognizable legal theory against a proper defendant and sufficient facts in
3 support of that cognizable legal theory.

4   Additionally, any amended complaint must be written or typed so that it is complete in
5 itself without reference to any earlier filed complaint. E.D. Cal. Local Rule 220. This is because
6 an amended complaint supersedes any earlier filed complaint, and once an amended complaint is
7 filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v.*
8 *Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original,
9 the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th
10 Cir. 1967)).

11   Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an
12 amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
13 complaints).

14   Accordingly, IT IS HEREBY ORDERED that the amended complaint is dismissed with
15 leave to amend within 30 days.[3] The amended complaint must bear the docket number assigned
16 to this case and be titled "Second Amended Complaint." Failure to comply with this order may
17 result in dismissal of this action for failure to state a claim upon which relief may be granted.
18 DATED: August 19, 2013.

   _____
   EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff is reminded that should he request an extension of time to comply with this order he must demonstrate that good cause exists for the extension. That is, plaintiff must demonstrate that he has been working diligently to prepare an amended complaint and must be specific as to why he was unable to timely file it. Plaintiff is also reminded that filing an amended complaint should not require extensive research. An amended complaint should not include legal citations and should need not contain unnecessarily detailed factual allegations.

5