1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MIGUEL ENRIQUE DIAZ,                          No.  2:11-cv-2274-EFB P

12                    Plaintiff,

13            v.                                     ORDER AND FINDINGS AND
                                                     RECOMMENDATIONS[1]
14    McCUE, et al.,

15                    Defendants.

16

17            Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.  Defendants move to dismiss pursuant to Federal Rule of Civil Procedure ("Rule")

19    12(b), on the ground that plaintiff failed to exhaust his administrative remedies prior to filing suit.

20    ECF No. 42.  For the following reasons, defendants' motion, construed as a motion for summary

21    judgment, must be granted.[2]

22    /////

23    /////

24    _____

25            [1] Defendants did not respond to the court's order directing them to complete and return the
      form indicating either their consent to jurisdiction of the magistrate judge or request for
26    reassignment to a district judge.  Accordingly, the clerk will be directed to randomly assign this
      case to a district judge.

27
              [2] Plaintiff's pending motion "to have exhibits placed with 1st Amended Complaint" (ECF
28    No. 40) is therefore denied as moot.

                                                    1

1    **I.    Exhaustion under the PLRA**

2         The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought

3    with respect to prison conditions [under section 1983 of this title] until such administrative

4    remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Prison conditions" subject to

5    the exhaustion requirement have been defined broadly as "the effects of actions by government

6    officials on the lives of persons confined in prison . . . ."  18 U.S.C. § 3626(g)(2); *Smith v.*

7    *Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d

8    Cir. 2002).  To satisfy the exhaustion requirement, a grievance must alert prison officials to the

9    claims the plaintiff has included in the complaint, but need only provide the level of detail

10   required by the grievance system itself.  *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v.*

11   *Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time

12   and opportunity to address complaints internally before allowing the initiation of a federal case").

13        Prisoners who file grievances must use a form provided by the California Department of

14   Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the

15   action requested.  The grievance process, as defined by California regulations, has three levels of

16   review to address an inmate's claims, subject to certain exceptions.  *See* Cal. Code Regs. tit. 15,

17   § 3084.7.  Administrative procedures generally are exhausted once a plaintiff has received a

18   "Director's Level Decision," or third level review, with respect to his issues or claims.  *Id.*

19   § 3084.1(b).

20        Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731,

21   741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other

22   critical procedural rules[.]"  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  For a remedy to be

23   "available," there must be the "possibility of some relief . . . ."  *Booth*, 532 U.S. at 738.  Relying

24   on *Booth*, the Ninth Circuit has held:

25         [A] prisoner need not press on to exhaust further levels of review once he has
           received all "available" remedies at an intermediate level of review or has been
26         reliably informed by an administrator that no remedies are available.

27   *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

28   /////

                                        2

Failure to exhaust is "an affirmative defense the defendant must plead and prove." *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007).  To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted).

A motion asserting an affirmative defense such as failure to exhaust may be brought under Rule 12(b)(6) or Rule 56 depending on whether the factual predicate for the motion is based on the text of the pleading or instead depends upon evidence submitted with the motion.  *See Albino v. Baca*, ___ F.3d ___, 2014 WL 1317141 (9th Cir. April 3, 2014) (*en banc*); *Jones*, 549 U.S. at 215 ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.").  Here, defendants have included with their motion to dismiss certain affidavits and exhibits to establish the factual predicate for the motion.  Resolution of the motion necessarily requires the court to consider those affidavits and exhibits for the purpose of determining whether plaintiff has, in fact, failed to exhaust his administrative remedies.  Such a motion must be treated as a motion for summary judgment.  Fed. R Civ. P. 12(d).  The court therefore construes defendants' motion as a motion for summary judgment.  If under the Rule 56 summary judgment standard, the court concludes that plaintiff has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  *Wyatt v. Terhune*, 315 F.3d 1108, 1120, *overruled on other grounds by Albino*, 2014 WL 1317141.

## II.    Summary Judgment Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury

3

1    to determine those facts in favor of the nonmovant.  *Crawford-El v. Britton*, 523 U.S. 574, 600

2    (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v.*

3    *U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994).  At bottom, a summary judgment

4    motion asks whether the evidence presents a sufficient disagreement to require submission to a

5    jury.

6            The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims

7    or defenses.  *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Thus, the rule functions to

8    "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for

9    trial.'"  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)

10   (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).  Procedurally,

11   under summary judgment practice, the moving party bears the initial responsibility of presenting

12   the basis for its motion and identifying those portions of the record, together with affidavits, if

13   any, that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477

14   U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  If the moving

15   party meets its burden with a properly supported motion, the burden then shifts to the opposing

16   party to present specific facts that show there is a genuine issue for trial.  *Anderson*, 477 U.S. at

17   248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

18           A clear focus on where the burden of proof lies as to the factual issue in question is crucial

19   to summary judgment procedures.  Depending on which party bears that burden, the party seeking

20   summary judgment does not necessarily need to submit any evidence of its own.  When the

21   opposing party would have the burden of proof on a dispositive issue at trial, the moving party

22   need not produce evidence which negates the opponent's claim.  *See e.g., Lujan v. National*

23   *Wildlife Fed'n*, 497 U.S. 871, 885 (1990).  Rather, the moving party need only point to matters

24   which demonstrate the absence of a genuine material factual issue.  *See Celotex*, 477 U.S. at 323-

25   24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a

26   summary judgment motion may properly be made in reliance solely on the 'pleadings,

27   depositions, answers to interrogatories, and admissions on file.'").  Indeed, summary judgment

28   should be entered, after adequate time for discovery and upon motion, against a party who fails to

4

1    make a showing sufficient to establish the existence of an element essential to that party's case,

2    and on which that party will bear the burden of proof at trial.  *See id.* at 322.  In such a

3    circumstance, summary judgment must be granted, "so long as whatever is before the district

4    court demonstrates that the standard for entry of summary judgment . . . is satisfied."  *Id.* at 323.

5           To defeat summary judgment the opposing party must establish a genuine dispute as to a

6    material issue of fact.  This entails two requirements.  First, the dispute must be over a fact(s) that

7    is material, i.e., one that makes a difference in the outcome of the case.  *Anderson*, 477 U.S. at

8    248 ("Only disputes over facts that might affect the outcome of the suit under the governing law

9    will properly preclude the entry of summary judgment.").  Whether a factual dispute is material is

10   determined by the substantive law applicable for the claim in question.  *Id.*  If the opposing party

11   is unable to produce evidence sufficient to establish a required element of its claim that party fails

12   in opposing summary judgment.  "[A] complete failure of proof concerning an essential element

13   of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex*, 477 U.S.

14   at 322.

15          Second, the dispute must be genuine.  In determining whether a factual dispute is genuine

16   the court must again focus on which party bears the burden of proof on the factual issue in

17   question.  Where the party opposing summary judgment would bear the burden of proof at trial on

18   the factual issue in dispute, that party must produce evidence sufficient to support its factual

19   claim.  Conclusory allegations, unsupported by evidence are insufficient to defeat the motion.

20   *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Rather, the opposing party must, by affidavit

21   or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue

22   for trial.  *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076.  More significantly, to

23   demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such

24   that a fair-minded jury "could return a verdict for [him] on the evidence presented."  *Anderson*,

25   477 U.S. at 248, 252.  Absent any such evidence there simply is no reason for trial.

26          The court does not determine witness credibility.  It believes the opposing party's

27   evidence, and draws inferences most favorably for the opposing party.  *See id.* at 249, 255;

28   *Matsushita*, 475 U.S. at 587.  Inferences, however, are not drawn out of "thin air," and the

1   proponent must adduce evidence of a factual predicate from which to draw inferences. *American*

2   *Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J.,

3   dissenting) (citing *Celotex*, 477 U.S. at 322).  If reasonable minds could differ on material facts at

4   issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th

5   Cir. 1995).  On the other hand, "[w]here the record taken as a whole could not lead a rational trier

6   of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475

7   U.S. at 587 (citation omitted); *Celotex*, 477 U.S. at 323 (if the evidence presented and any

8   reasonable inferences that might be drawn from it could not support a judgment in favor of the

9   opposing party, there is no genuine issue).  Thus, Rule 56 serves to screen cases lacking any

10   genuine dispute over an issue that is determinative of the outcome of the case.

11   　　　　Defendants' motion included notice to plaintiff informing him of the requirements for

12   opposing a motion to dismiss for failure to exhaust available administrative remedies, including

13   the warning that if plaintiff failed to submit evidence in opposition, his case (or any unexhausted

14   claims) could be dismissed and there would be no trial.  *See Woods v. Carey*, 684 F.3d 934 (9th

15   Cir. 2012); *Stratton v. Buck*, 697 F.3d 1004, 1006 (9th Cir. Sept. 2012); *see also Albino*, 2014

16   WL 1317141.

17   **III.    Analysis**

18   　　　　Plaintiff alleges in his second amended complaint that defendant McCue failed to renew

19   his shoe chrono on or after July 11, 2011.  ECF No. 35 at 2.  He claims that at some time between

20   July 13 and August 1, 2011, defendant Hseih also refused to renew the chrono.  *Id.*  He also

21   claims that defendant Austin had issued a "blanket policy," which did not allow for any

22   reasonable accommodations for inmates with disabilities and required that plaintiff choose

23   between buying soft shoes or hygiene and food items.  *Id.* at 1, 3; *see also* ECF No. 2 at 4, 8, 19

24   (Pl.'s Mot. for Emergency TRO) (claiming that McCue and Hseih's failure to renew the chrono

25   was based on their adherence to Austin's policy).  Plaintiff claims defendants violated his rights

26   under the Eighth Amendment and the Americans with Disabilities Act.

27   　　　　Plaintiff commenced this lawsuit on August 26, 2011, within six weeks of the events

28   giving rise to his claims.  ECF No. 1.  The court must determine whether plaintiff exhausted his

1    administrative remedies regarding his claims prior to that date, and if not, whether plaintiff may

2    be excused from the pre-filing exhaustion requirement.  *See Sapp v. Kimbrell*, 623 F.3d 813, 823-

3    24 (9th Cir. 2010).

4         Defendants' evidence shows that plaintiff failed to complete the exhaustion process prior

5    to commencing this action.  Their evidence shows that plaintiff filed only one appeal between

6    July 11, 2011 and August 26, 2011.  *See* ECF No. 42-2 ("Estrella Decl.") ¶¶ 4-7, Ex. A at 23, Ex.

7    B; ECF No. 42-3 ("Zamora Decl.") ¶ 7, Ex. B.  In that appeal, dated August 6, 2011, plaintiff

8    explained that he had written to defendants McCue and Austin on July 13, 2011 regarding the

9    renewal of his soft shoe chrono, and complained that the chrono had not been properly renewed.

10   Zamora Decl., Ex. B.  Plaintiff did not exhaust all of the available administrative remedies for this

11   appeal until January 6, 2012.  *See id.* (Third Level Appeal Decision, dated January 6, 2012).

12   Thus, defendants have shown that although administrative remedies were available to plaintiff, he

13   did not exhaust those remedies prior to filing suit.  That is, there is no dispute as to any genuine

14   issue of material fact regarding plaintiff's exhaustion of administrative remedies.

15        To defeat defendants' motion, plaintiff must demonstrate that there are truly genuine and

16   material disputes over whether he actually exhausted available remedies or as to whether he

17   should be excused from the exhaustion requirement.

18        Plaintiff first references the memorandum decision issued by the U.S. Court of Appeals

19   for the Ninth Circuit in this case on February 14, 2013.  ECF No. 44 at 1 (referencing Ninth

20   Circuit Court of Appeals Case No. 12-15367); s*ee also* ECF No. 17 (Ninth Circuit memorandum

21   opinion, Case No. 12-15367).  That opinion reversed this court's *sua sponte* dismissal of

22   plaintiff's complaint, explaining that "at this early stage of the proceedings," plaintiff's filings did

23   not "clearly show that [he] failed to exhaust any available administrative remedies."  ECF No. 17

24   at 2.  It did not hold that plaintiff had in fact exhausted or that he should be excused from the

25   exhaustion requirement.  *See id.*  Therefore, plaintiff's reference to this decision in his opposition

26   brief does not assist him in defeating defendants' motion, nor refute the evidence submitted

27   therewith.

28   /////

1    Next, plaintiff asserts in a conclusory fashion that administrative remedies were

2    "unavailable" to him because the appeals coordinator improperly screened out his appeals by

3    citing to regulations that were inaccessible to plaintiff.  ECF No. 44 at 1-2.  However, plaintiff

4    does not submit any evidence showing that any appeal relevant to the claims in this lawsuit was

5    ever screened out, improperly or not.  There is also no support in the record for plaintiff's

6    contention that administrative remedies were unavailable to him.  Plaintiff's appeal regarding his

7    soft shoe chrono was received for First Level Review on August 19, 2011.  Estrella Decl., Ex. A

8    at 23 (referencing appeal log no. CSP-S-11-00764).  The First Level Response is dated August

9    29, 2011, and the First Level Review was completed on September 6, 2011.  *Id.*; Zamora Decl.,

10   Ex. B (First Level Response).  On September 15, 2011, plaintiff informed the court in a

11   declaration signed under penalty of perjury that he had received the First Level Response and that

12   he would "appeal to the Second Level to ensure that [he] receive . . . the 'new' chrono."  ECF No.

13   6.  The record plainly shows that administrative remedies were available to plaintiff and that he

14   used them.  However, plaintiff filed this action prematurely, before his appeal addressing the

15   issue giving rise to this lawsuit was even resolved at the First Level.  Thus, it remains undisputed

16   that administrative remedies remained available to plaintiff prior to his filing of this lawsuit.

17   Because there is no dispute that plaintiff failed to comply with the proper exhaustion

18   procedure, and or that his failure in this regard should be excused, defendants' motion must be

19   granted.  *See McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have

20   written a statute making exhaustion a precondition to judgment, but it did not.  The actual statute

21   makes exhaustion a precondition to suit."); *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir.

22   2006) (prisoner brings an action for purposes of 42 U.S.C. § 1997e when he submits his

23   complaint to the court).

24   Accordingly, IT IS HEREBY ORDERED that:

25   1.  Plaintiff's motion "to have exhibits placed with 1st Amended Complaint" (ECF No.

26   40) is denied as moot; and

27   2.  The Clerk is directed to randomly assign a United States District Judge to this case.

28   /////

8

1   Further, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (ECF No.

2   42), construed as a motion for summary judgment, be granted, that judgment be entered in favor

3   of defendants, and that this action be closed, without prejudice.

4   These findings and recommendations are submitted to the United States District Judge

5   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6   after being served with these findings and recommendations, any party may file written

7   objections with the court and serve a copy on all parties.  Such a document should be captioned

8   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

9   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

10  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

11  Dated:  April 30, 2014.

12  EDMUND F. BRENNAN

13  UNITED STATES MAGISTRATE JUDGE